# IN THE CRIMINAL COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER 1997 SESSION

FILED

January 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| PERRY C. RILEY, | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9705-CR-00181 |
| | ) | |
| vs. | ) | MORGAN COUNTY |
| | ) | |
| CHARLES JONES, Warden, | ) | |
| and STATE OF TENNESSEE, | ) | HON. E. EUGENE EBLEN, JUDGE |
| | ) | |
| Appellees. | ) | (Habeas Corpus) |
| | ) | |

FOR THE APPELLANT:

KENNETH F. IRVINE, JR.
606 W. Main Street, Suite 350
P.O. Box 84
Knoxville, TN 37901-0084

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 5th Avenue North, 2nd Floor
Cordell Hull Building
Nashville, TN 37243

CHARLES E. HAWK
District Attorney General

FRANK HARVEY
Assistant District Attorney
P.O. Box 703
Kingston, TN 37763-0703

OPINION FILED: _____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

**OPINION**

The petitioner, Perry Riley, appeals the dismissal of his habeas corpus petition. He stands convicted of one count of aggravated rape and one count of aggravated sexual battery. In his habeas corpus petition, the petitioner assails the indictment on the ground that the applicable <u>mens rea</u> elements were not stated, such that the indictment is defective upon the authority of <u>State v. Roger Dale Hill</u>, No. 01C01-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996). We affirm the dismissal of the petition for habeas corpus relief.

<u>Roger Dale Hill</u> was reversed by our supreme court. <u>State v. Hill</u>, --- S.W.2d ---, No. O1-S-01-9709-CC-00005 (Tenn. Nov. 3, 1997). In <u>Hill</u>, the defendant was indicted for aggravated rape upon language virtually identical to count one in the present case. Our supreme court noted in <u>Hill</u> that the statute proscribing the offense of aggravated rape "does not require a culpable mental state, neither does it plainly state that no such mental state is required." <u>Hill</u>, --- S.W.2d at ---, slip op. at 2. Recognizing that the Sentencing Reform Act of 1989 provides that a culpable mental state is required to establish an offense unless the proscribing statute "plainly dispenses with a mental element," Tenn. Code Ann. § 39-11-301(b)(1991), the court reasoned that the offense of aggravated rape is committed if the accused acted with either intent, knowledge, or recklessness. <u>Hill</u>, --- S.W.2d. at ---, slip op. at 2; <u>see</u> Tenn. Code Ann. § 39-11-301(c) (1991). In this situation, the court held, an indictment which does not state a mental state is still sufficient if (1) the language meets the constitutional requirements of notice of the charge, provides an adequate basis for entry of a proper judgment, and protects against double jeopardy; (2) the form of the indictment satisfies Code section 40-13-102; and (3) the mental state can be "logically inferred from the conduct alleged." <u>Hill</u>, --- S.W.2d at ---, slip op. at 3.

2

In the present case, the petitioner correctly maintains that count one, at least, of the indictment is indistinguishable from Hill. The mens rea may be "inferred from the nature of the criminal conduct alleged," and the other requisites for sufficiency of the indictment as enumerated in Hill are present. Hill, --- S.W.2d at ---, slip op. at 9. As to count one, the petitioner's claim is meritless.

Count two is perhaps deserving of a different analysis. It alleges aggravated sexual battery under Tennessee Code Annotated section 39-13-504(a)(4). Although this code section does not explicitly state a required mental state, it defines aggravated sexual battery as the "unlawful sexual contact" with a victim committed under certain circumstances (the circumstances applicable in the present case being that the victim is less than thirteen years of age). Tenn. Code Ann. § 39-13-504(a) (Supp. 1997). "Sexual contact" is defined to include the "intentional touching" of the victim. Tenn. Code Ann. § 39-13-501(6)(1991). Perhaps Hill may be read fairly to apply in this situation, in which case Hill validates count two as well as count one. See State v. John Claude Wells, III, No. 01C01-9505-CR-00146, slip op. at 8 (Tenn. Crim. App., Nashville, June 6, 1997) (observing that Code section 39-13-504 "does not contain a culpable mental state"), pet. for perm. app. filed (Tenn. Aug. 1, 1997). Regardless, count two is valid under another theory that this court has utilized in reviewing indictments brought under section 39-13-504. When the indictment charging an offense of aggravated sexual battery alleges that the defendant committed an "unlawful sexual contact," as the indictment alleges in the present case, "the use of the terms 'sexual contact' in the indictment is the same as if the definition is set forth in full." John Claude Wells, III, slip op. at 8; see also State v. John James, No. 01C01-9601-CR-00016, slip op. at 19 (Tenn. Crim. App., Nashville, March 27, 1997). Under this rationale, count two is validly presented.

For the foregoing reasons, we affirm the trial court's dismissal of the

habeas corpus petition.

_____
CURWOOD WITT, JUDGE

CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
PAUL G. SUMMERS, JUDGE